SP Plus Corporation, come back. Mr. McAvoy. Yes, good morning. May it please the court. John McAvoy, on behalf of the appellant at SP Plus. I know that the court has read the briefs at this point, and I would like to briefly kind of go over how we got here. By the way, I'm worried about appellate jurisdiction. How do we understand what the district court did? Did the district court definitively deny the request for arbitration, or did the judge just say she needs more evidence? She definitively denied the request for arbitration. Was there any, did your client make any request in the district court to submit more evidence? We did not, nor were we obligated to. Well, it's a little puzzle because your appellate brief says the district judge should have received more evidence. Dear Seventh Circuit, please direct the district judge to receive more evidence. If you didn't proffer any evidence, any more evidence, it can hardly be a mistake by the district judge to refuse to receive it. But if you did proffer more evidence, I don't see how the district judge's decision is final. You see the problem. I do, Judge. The issue is that in granting the motion for reconsideration, the court also denied the motion to compel arbitration that had already been granted. Under those circumstances, the court's decision relied on... But did you move for a motion to compel arbitration under Section 4, or did you move for a stay under Section 3? Both. You moved for both? Yes. And those proofs were deemed sufficient in the first instance when the court granted the motion. Mr. Carter subsequently submitted a motion for status conference. That motion requested a conference with the judge to discuss evidentiary issues. A memorandum of law was attached in support of that motion, but no legal arguments were advanced. The court accepted that motion, stated that it would be treated as a motion for reconsideration, and issued a briefing schedule. In the order, memorandum order that the court issued, it stated specifically... So why did the district court abuse its discretion by doing that? Well, it abused its discretion because of how the briefing schedule... So the appellant was instructed to file opposition to the motion for reconsideration. In that motion for reconsideration or status conference, there were no legal arguments made as to why it was improper for the court to have granted the motion to compel arbitration in the first instance. Those arguments weren't... Wasn't it raised at that point that there had been some preliminary discovery between the parties? During that status hearing, maybe I'm misunderstanding the record. The status hearing never took place, right? So those arguments were only raised for the first time upon reply on reconsideration. Did anyone ever ask for a hearing? No. Nor did we have to under Section 4. So if there is a dispute of fact as to the formation... This seems simple in a way. There's a one-sided presentation by the defense saying, we've got this signed agreement. The judge orders arbitration. The plaintiff says, that was a one-sided presentation. I deny ever signing such an agreement. It was fabricated in my name by Mr. Etienne, if that's how it's pronounced. The judge says, okay, then I shouldn't have granted arbitration. That now sets off the stage for a hearing in which the judge will find, one way or another, who's telling the truth. And no one asked for a hearing. You can stand there and say all you want. We don't have to. But you take the consequences of not asking for one. So the reason why that became an issue was because the order that was entered instructed the appellant to file an answer and proceed with discovery. So that issue never was resolved, and Section 4 says that it shall be resolved. It's exactly the problem. The arbitrability was never really resolved by the district court, which suggests that this is not appealable. But if your client didn't ask for a hearing, never had any other evidence to present to the district judge, then it's appealable. But there's a consequence of that. So the briefing schedule that was issued by the court on reconsideration didn't allow for a fair reply. Can't you ask for one, though? You could seek leave, right? We could have. And this didn't happen in a short time frame. I think it was like five weeks before she issued the order after plaintiff cast doubt on the existence of an agreement. What was SP doing during that time? As far as what, Your Honor? I'm not sure that I understand the question. You know, if plaintiff had put forth evidence suggesting, I never signed the agreement, why didn't you ask for a hearing, ask for a status conference, ask to file a SIR reply to put in a declaration from Mr. Etienne saying this is a lie, I saw him sign the arbitration agreement? I mean, instead you just sat there and did nothing. Well, we were never under the rules, under the case management order that was in effect. We weren't given the opportunity to raise that. You can always ask. Sure. You can always ask. And it was something that we had considered, but also at that point it was our position and it's still our position that the district court didn't have jurisdiction. Okay, let's talk about why the position that you presented a moment ago was that you didn't have to. Correct, because under 16A1B we had an automatic right to an appeal. No. No. That begs the question. The question was whether the district judge was done. Well, you have a right to appeal if the district judge was done with the arbitration issue, but if the district judge was not done, then it's not appealable. You could make the district judge's order final by not offering any evidence. You made that choice, but as we have all been saying, the choice not to offer any evidence to rebut the plaintiff's evidence has consequences. And my response to that, Judge, would be that we didn't have that burden. On reconsideration, it was the move-in's burden to demonstrate that there was a clear error of law or clear error of fact that warranted vacating the order that had previously entered granting the motion in the first instance. Was there an obligation on SP-plus after the determination is made that there is a fact question? It's the timing of when that decision was made, Your Honor. It was evidence that was produced for the first time on reply to a motion for reconsideration. Had that evidence been produced on the underlying motion on reply, it would have been waived. And so my question is, did SP-plus have an obligation after the determination is made that there is a fact question? No, because of the timing at which it was made. And the judge's order, the district judge's order, was assigned to the burden under those circumstances. So under Section 3 of the FAA, once a signed agreement is presented that covers the claims that were brought in the district to action and the demand for arbitration has been denied, the burden shifts under Tinder v. Pinkerton to the plaintiff. Isn't this case more like CAS, though, not like Tinder? I think that it's both, Your Honor, because the proofs were deemed sufficient in the first instance. And under Tinder or CAS, it's clear that it becomes a summary judgment type argument. The proofs had already been deemed sufficient. The arguments for reconsideration as far as the disputes of fact that may or may not have existed were raised on reply. The briefing schedule that was set didn't require us to re-litigate or re-proof a motion that had already been granted based on the information that was provided. And under the FAA, any close calls or concerns with respect to formation or any other issue, which again was made 46 days after the signed arbitration agreement was provided to Mr. Carter. What's the final judgment? What's the final decision? It's the reconsideration order that granted reconsideration and vacated the prior order compelling arbitration. But that's final only if SP rests on the existing record. And on the existing record, what we have is SP's assertion that there's an arbitration agreement and the plaintiff's assertion that the check in the box was forged, basically that his signature is a fraud. And the district judge says, not surprisingly, well, this isn't enough to arbitrate. Maybe we need more evidence. You're entitled to say we're not going to reply to the assertion that our employee is a forger. But it might be prudent to do that. Understood, Your Honor. But again, under the section 4, the court shall issue and schedule. Not when there was a forgery in the chain, which is what the plaintiff asserted, backed up by evidence. And that evidence was submitted for the very first time on reply. It wasn't made so that he had three opportunities. Let's go back to the initial motion. So you didn't abide by Judge Bucklow's standing order, correct, to notice the motion for a particular date of presentment? Correct. Okay. And so typically, probably, I don't know her processes, that would have triggered a response date and things could have kind of gone, been fleshed out in a different way. So this sort of mess or confusion started with your error, correct? Not necessarily, Your Honor, because the district judge had discretion to deviate from her policies and procedures. I would suggest, greatly suggest, that everyone in this room abide by every individual district judge's standing order. It clearly says, non-emergency motions shall be noticed on Judge Bucklow's motion call, and the court will rule by written order on or before the date of presentment. And she also says she'll set a briefing schedule. So this, for me, for her to take that back is not an abuse of discretion, okay, because it was a one-sided presentation. Correct. So what is an abuse of, how could you say it's an abuse of discretion for her to abide by, make you abide, or pay the consequences of not abiding by her standing order? That was not the basis for the order that scheduled or accepted the motion for status conference as a motion for reconsideration. In that order itself, it specifically states that the reason why the motion was being considered for reconsideration was because the, was because plaintiff had not had an opportunity to oppose it. We were then, but the relief had already been granted at that point. So you're saying that Carter was too late.  Because he did not rebut before the initial motion that was not scheduled to be filed. Correct, but it had nevertheless already been granted. I'm sorry? It had already been granted. So on the reconsideration, it was Carter's burden to make that argument. He didn't make that argument in his initial request. But how was the dispute below resolved as we sit here today? It isn't, which is by the alternative relief that was requested. So why do we have jurisdiction going back to Judge Easterbrook's question? So under 16A1B, there's jurisdiction because the order that was entered basically requires us to move forward with merits discovery without having the procedural. No, it gave you every opportunity to rebut the assertion that this checkbox was by somebody other than Carter. But I think we have your position. Thank you, Your Honor. Mr. Cohen. Good morning, Your Honors. May it please the Court, David Cohen for Applee. I just want to apologize for five seconds before I begin. I've recently suffered damage to my throat, which is causing me to cough more than normally. No need to apologize. I just apologize if my coughing becomes an issue. I think from the presentation I've just heard, Your Honors, the most important facts for me to bring to your attention are a response to counsel's claim that for the first time on reply, they received evidence relating to the enforceability of the arbitration agreement. In this case, the record clearly does not support that position. What I'd suggest instead is that the plaintiff provided the defendant with evidence before it moved to compel arbitration in this case in a conference on February 10th, following production of the arbitration agreement in the first instance. And from that, the defendant filed its motion to compel and stay without mentioning any of that evidence. So by conscious choice, choosing not to mention it. Then when the plaintiff provided evidence again in the status conference motion, the defendant chose not to respond to that motion, didn't address the evidence that we provided undermining the existence of a valid agreement. In the third instance, the defendant filed a reconsideration opposition without addressing any of the evidence again or the denials of the enforceable agreement. And then finally, as Your Honors have already pointed out, after the plaintiff provided evidence in our reconsideration reply, the specific evidence with the testimony in the declaration form, the defendant failed to seek us a reply to specifically address it. So instead of having only one chance late in the case at the 11th hour to consider this evidence and how to address it and to raise a real challenge to it or overcome it, the defendant actually had four opportunities to do that and failed each time. And frankly, it was hard to understand why if there were any evidence, for example, of a computer account or a login or some kind of metadata showing that Mr. Carter had actually resigned the arbitration agreement that it was him instead of someone else, that's evidence that we would see in most cases like this demonstrating an actual chain of events leading to an identifiable signature. And that evidence is decidedly lacking here. And this is exactly the sort of thing I believe that Judge Bucklow noted on, not only in her original order of granting reconsideration, but in her final order which denied defendant's motion to stay and compel arbitration where she expressly faulted the defendant, as your honors have done today, for failing to provide evidence addressing plaintiff's allegations and testimony. Unless there are specific questions, I think it also makes sense to note, Judge Easterbrook, following your inquiry, there is no record evidence below of the defendant presenting arguments relating to Section 4 and seeking a trial in the district court. That was my question. Oh, I apologize, Your Honor. Go ahead. Seeking a trial in the district court on the evidence. You said there is no record. It's not in the record that the district court was presented with that request. So the first time the defendant in this case is asking for enforcement under Section 4 and a trial of the facts under Section 4 was in its appellate brief. Okay. So it's hard for me to see how that's an issue that this court needs to confront other than, I'm sorry, now as Judge Easterbrook noted, whether it's a final decision from the district court on that question. There are also procedural unfairness questions like those Judge Maldonado raised concerning the defendant's failure to comply with Judge Bucklow's procedures, which are not by case law providing a noted basis for reconsideration. But here, if we were to say why Judge Bucklow granted reconsideration in the first place based on her original docket entry, it appears that failure to comply with her chamber's policies and procedures concerning motion practice was at least one reason, because she expressly noted that plaintiff hadn't responded to her motion to the defendant's motion by the time she had ruled. So the procedural inconsistency there was one ground in addition to the plaintiff, at that point, having produced evidence undermining the existence of a valid agreement, which would then have led Judge Bucklow to consider whether she had made an error of fact or of law in allowing a state for arbitration. Thank you, Counsel. I'm, of course, happy to address anything else, but barring any questions. Nope. Thank you, Your Honor. Case is taken under advisement. A real pleasure.